IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SALVADOR RODRIGUEZ LUNA | § | |
| (TDCJ No. 1693059), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:18-cv-3056-B-BN |
| | § | |
| LORIE DAVIS, Director | § | |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Salvador Rodriguez Luna, a Texas inmate, filed a *pro se* application

for writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 3. This resulting action

has been referred to the undersigned United States magistrate judge for pretrial

management under 28 U.S.C. § 636(b) and a standing order of reference from United

States District Judge Jane J. Boyle. The undersigned enters these findings of fact,

conclusions of law, and recommendation that the Court should dismiss the habeas

application with prejudice as time-barred under Rule 4 of the Rules Governing Section

2254 Cases.

**Applicable Background**

Through the habeas application, Luna challenges his January 11, 2011 Dallas

County conviction for aggravated robbery with a deadly weapon. *See State v. Luna*, No.

F05-54018-W (363d Jud. Dist. Ct., Dallas Cnty., Tex.); Dkt. No. 3 at 2. That criminal

judgment was affirmed on direct appeal in 2012. *See Luna v. State*, No. 05-11-00261-CR, 2012 WL 1700639 (Tex. App. – Dallas May 16, 2012, pet. ref'd). And the Texas Court of Criminal Appeals (the "CCA") refused Luna's petition for discretionary review ("PDR") later that year. *See Luna v. State*, No. PD-0703-12 (Tex. Crim. App. Dec. 19, 2012).

Proceeding *pro se*, he then sought state habeas relief. But he filed his state habeas application no sooner than June 17, 2015, the date he signed that application, *see Ex parte Luna*, W05-54018-W(A) (363d Jud. Dist. Ct., Dallas Cnty., Tex.) – an application that the CCA denied without written order on December 23, 2015, *see Ex parte Luna*, WR-83,714-01 (Tex. Crim. App.).

On initial review of the federal habeas application, the Court, recognizing that the petition is likely time-barred, issued a questionnaire [Dkt. No. 9] to provide Luna fair notice of the limitations issues and to allow him to present his positions as to those issues through a verified response to the questionnaire. Luna filed a timely, verified response. *See* Dkt. No. 10.

## Legal Standards

I.    Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

-3-

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. ____, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

The United States Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original); *see, e.g., Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citing *Menominee Indian Tribe*, 136 S. Ct. at 756-57)).

The Supreme Court also has determined AEDPA's statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court

that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

II.    <u>Rule 4 Disposition</u>

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes). In *Kiser*, clearly applicable here, the United States Court of Appeals for the Fifth Circuit held that, "even though the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional, the magistrate judge and district court did not err by raising the defense *sua sponte*." *Id.*

at 329 (noting the district court's "decision to do so was consistent with Rule 4 and Rule 11 of the Rules Governing Section 2254 cases, as well as the precedent of this Court").

But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006); alteration to original); *see also Ingram v. Director, TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation also gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

## Analysis

A conviction becomes final under the AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

Because Luna did not petition the Supreme Court for certiorari review, his state criminal judgment became final under the AEDPA on March 19, 2013 – 90 days after the CCA refused his PDR. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (observing that, if a petitioner halts the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows 90 days for filing a petition for certiorari following the

entry of judgment); SUP. CT. R. 13.

And, "[b]ecause [Luna's] state habeas petition was not filed within the one-year period" that commenced on that date, that petition "did not statutorily toll the limitation clock." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (in turn citing 28 U.S.C. § 2244(d)(2))).

Accordingly, the Section 2254 habeas application – filed no sooner than November 13, 2018, the date on which Luna signed it, *see* Dkt. No. 3 at 10 – was filed more than 4 years and 7 months too late. That application is therefore due to be denied as untimely absent statutory or equitable tolling of the limitations period or establishment of actual innocence.

Luna does not plead actual innocence, but he does explain that

> [s]ince the day my conviction was affirmed on appeal, I have diligently been trying to find someone who would file this petition free of charge. No one would file it Pro-bono. Since I am a native from Mexico, I have no family in the United States to provide financial assistance, and since I do not speak or write English I am unable to file this Petition myself. Recently, a fellow inmate offered to file this petition Pro-bono.... Lack of financial resources is what prevented me from filing this petition within the one year time-limit.

Dkt. No. 10 at 4-5; *see id.* at 6; *see also* Dkt. No. 3 at 9.

These assertions do not establish that the Court should consider the habeas petition under a provision of Section 2244(d)(1) other than Section 2244(d)(1)(A), discussed above. And these assertions fail to show that the Court should apply equitable tolling.

First, a prisoner's "reliance on legal assistance from fellow inmates" fails to constitute an extraordinary circumstance that – together with a showing of diligence

– could establish equitable tolling. *Barbour v. Prince*, 2014 WL 6901372, at *6 (E.D. La. Dec. 5, 2014) (citing *Manning v. Sumlin*, 540 F. App'x 462 (5th Cir. 2013) (per curiam); *Hilbert v. Beard*, No. 14-919, 2014 WL 4702305, at *8 (C.D. Cal. Sept. 19, 2014)); *see also Williams v. Lee*, No. 3:14cv234-DPJ-FKB, 2014 WL 5704898, at *4 (S.D. Miss. Nov. 5, 2014) ("[T]he mere denial of access to a writ-writer does not violate the Constitution." (citing *Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 1996) (per curiam) ("Prisoners have no right to a particular prisoner's help in legal matters as long as the putative recipient's constitutional right of access to the courts is not infringed."))).

Nor does a prisoner's lack of English proficiency itself constitute an extraordinary circumstance that could establish equitable tolling. *See Perez v. Davis*, No. 4:17-cv-882-Y, 2018 WL 4304890, at *3 (N.D. Tex. Sept. 10, 2018) ("[T]he inability to speak or read the English language is a disability common to a lot of prisoners in the prison system and is not in itself a sufficient basis for equitable tolling." (collecting cases)); *United States v. Gilbert-Alvarez*, Cr. No. C-01-45 & C.A. No. C-06-336, 2006 WL 3761888, at *7 (S.D. Tex. Dec. 21, 2006) ("Even if the Court accepted [the movant's] allegations concerning the alleged lack of Spanish language assistance in the library in their entirety as true, he would not be entitled to equitable tolling. Equitable tolling is not required simply because a petitioner is unfamiliar with the legal process, is unrepresented, or is illiterate." (collecting cases)); *Rodriguez v. Cain*, Civ. A. No. 06-815, 2007 WL 4522497, at *10 (E.D. La. Dec. 17, 2007) ("[U]nder the relevant precedent, an inability or significant difficulty speaking, reading and writing, or understanding English does not, by itself, justify equitable tolling in habeas cases,

where such lack of proficiency has not prevented the petitioner from accessing the courts." (collecting cases)).

And "[i]t is well settled ... that a petitioner's pro se status, indigence and lack of knowledge of the law, all common problems of inmates who are trying to pursue postconviction habeas relief, do not warrant equitable tolling of the limitations period." *Webster v. Stephens*, No. 4:13-cv-859-A, 2014 WL 201707, at *2 (N.D. Tex. Jan. 17, 2014) (citing *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir. 1999)).

Moreover, particularly given the more than 900 days between the finality of his state conviction (in December 2012) and his filing a state habeas application (in June 2015), Luna fails to plausibly allege that he diligently pursued habeas relief. *Cf. Booze v. King*, No. 1:13-cv-538-CWR-FKB, 2014 WL 1050345, at *3 (S.D. Miss. Mar. 14, 2014) ("Though Petitioner asserts that he was illiterate and has ADHD, he states that he ultimately obtained the services of a 'writ writer/jailhouse lawyer' years after his conviction. Petitioner offers no reason for not having done so earlier.").

In sum, Luna has not demonstrated that he is entitled to equitable tolling by showing that "rare, exceptional, or extraordinary circumstances beyond his control ... made it impossible for him to timely file" his federal habeas application. *Montes v. United States*, Nos. 3:13-cv-1936-K & 3:09-cr-286-K (4), 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted); *see also Menominee Indian Tribe*, 136 S. Ct. a 755-56; *Holland*, 560 U.S. at 649; *Farmer*, 640 F. App'x at 307.

For these reasons, the Section 2254 application is time-barred.

## Recommendation and Direction to the Clerk of Court

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss the application for a writ of habeas corpus with prejudice because it is time-barred. The Court also should direct that the Clerk of Court serve any order accepting this recommendation on the Texas Attorney General.

The Clerk of Court is DIRECTED to serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent and will be directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 21, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE